s/c issued #250328

\_\_\_\_\_FILED  \_\_\_\_\_ENTERED
\_\_\_\_\_LODGED\_\_\_\_\_RECEIVED

IJAN 21 2003    PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                      DEPUTY

CV 03-108 #1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND LEICH, a resident of Florida, derivatively on behalf of EVERGREEN STATE RESTAURANT CORP., <br><br> Plaintiff, <br><br> v. <br><br> CRAIG and JANE DOE EDWARDS, Washington residents, and their marital community, <br><br> Defendants, <br><br> and <br><br> EVERGREEN STATE RESTAURANT CORP., a Washington corporation, <br><br> Nominal Defendant. | NO. **C03-0108R** <br><br> COMPLAINT |

Plaintiff, by and through his attorneys Tousley Brain Stephens PLLC, alleges as follows:

## I. PARTIES

1.1    Plaintiff Raymond Leich is a resident of Florida and was, at all times relevant hereto, a stockholder and member of the Board of Directors of Nominal Defendant Evergreen State Restaurant Corp. ("Evergreen").

COMPLAINT - 1
3962\001\147870.01

**ORIGINAL**

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1        1.2    Defendants Craig and Jane Doe Edwards are husband and wife, residents of

2    Washington, and constitute a marital community pursuant to the laws of Washington.  All acts

3    alleged to have been performed herein by Defendant Craig Edwards were performed on behalf

4    of himself and the marital community composed of him and Jane Doe Edwards.  Defendant

5    Craig Edwards was, at all times relevant hereto, the majority stockholder and Chairman of the

6    Board of Directors of Evergreen and directly participated in the wrongful conduct alleged

7    herein.

8        1.3    Nominal Defendant Evergreen is a privately held corporation incorporated under

9    the laws of Washington, with its principal executive offices located in Bellevue, King County,

10   Washington.  Evergreen is engaged in the ownership and operation of restaurants franchised

11   under an agreement with Outback Steakhouse, Inc. ("Outback").

12                       **II.  JURISDICTION AND VENUE**

13       2.1    This Court has jurisdiction over the subject matter of this action pursuant to

14   28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds \$75,000, exclusive of

15   interest and costs, and the dispute is between citizens of different states.  This action was not

16   brought collusively to confer jurisdiction on a court of the United States that it would not

17   otherwise have.

18       2.2    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2)

19   because Defendants Edwards reside in this district and because many of the alleged acts

20   occurred in this district.

21                       **III.  FACTUAL ALLEGATIONS**

22
23       3.1    Evergreen, along with various limited partners, owns and operates 27 Outback

restaurants in the Northwest (the "Restaurants").  These Restaurants are franchised under
24
franchise agreements with Outback (the "Agreements").
25

26

COMPLAINT - 2
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1

3.2    Section 5.3(a) of the Agreements reads:

2

Section 5.3 Operating Partner.  If Franchisee is not an individual,
Franchisee shall designate an individual to serve as the "Operating

3

Partner" of the Restaurant.   The Operating Partner shall, at all
times, meet the following qualifications:

4

5

(a)    The Operating Partner shall own at least fifty
percent (50%) voting interest in Franchisee and at least fifty
percent (50%) voting interest through any voting apparatus in

6

Franchisee during the entire period he serves as Operating Partner.

7

3.3    All of the Restaurants are owned by Evergreen State Limited Partnerships

8

("ESLP") Nos. 1–27.  Each individual ESLP is controlled 50% by Evergreen as the General

9

Partner, with the other 50% belonging to certain Limited Partners.  The ESLPs are individually

10

named as the Franchisees under the Agreements.

11

3.4    In 1993, Defendant Craig Edwards first approached Mr. Clifford Jones about

12

investing in the Northwest franchise.  Mr. Jones offered to be a passive, limited partner investor

13

of up to 10% in each Outback restaurant.

14

3.5    In 1994, Defendant Craig Edwards was granted the Northwest franchise rights

15

for Outback and qualified by Outback as an Operating Partner under Section 5.3 of the

16

Agreements.

17

3.6    In 1994, Defendant Craig Edwards confided in Mr. Jones that he was in over his

18

head financially and was having difficulty running the franchise.  He asked Mr. Jones if he

19

would become a shareholder in Evergreen and not simply an investor in the limited

20

partnerships.  Mr. Jones agreed, but stressed to Defendant Craig Edwards that he was not

21

interested in taking on a full-time operating position.

22

3.7    Defendant Craig Edwards and Mr. Jones agreed that Mr. Jones would invest

23

$400,000 and become a 30% owner, while Defendant Craig Edwards would invest $200,000

24

and the franchise rights to become a 70% owner.

25

3.8    Mr. Jones wrote his check for $400,000 while, concealed from Mr. Jones,

26

Defendant Craig Edwards contributed only $164,900 of the promised $200,000.

COMPLAINT - 3
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1    3.9    During that same year, Defendant Craig Edwards and Mr. Jones asked

2    Mr. Leich to become a shareholder; he agreed, paying the same amount per share as Mr. Jones.

3    3.10    Subsequently, Evergreen was owned 69.3% by Defendant Craig Edwards,

4    29.7% by Mr. Jones, and 1% by Mr. Leich, and each served as a director of Evergreen.

5    3.11    In the summer of 1995, Mr. Leich contacted Mr. Jones and stated his concern

6    that Defendant Craig Edwards was drinking heavily and having some serious behavioral

7    problems that were affecting Defendant Craig Edwards' ability to manage Evergreen.

8    3.12    During the summer of 1995, Defendant Craig Edwards was absent, neglected

9    necessary work required on the restaurant leases, and ignored important decisions.  Defendant

10   Craig Edwards made numerous promises that things would be and were being taken care of, but

11   they were not.

12   3.13    In July 1995, Mr. Jones was informed that Chris Sullivan, CEO of Outback,

13   wanted a meeting with all of the Evergreen shareholders regarding Defendant Craig Edwards'

14   inept management and behavioral problems.  Mr. Sullivan first met privately with Mr. Jones

15   and requested that he step in and run Evergreen in order to get things back in shape.  In order to

16   help both Evergreen and Defendant Craig Edwards, Mr. Jones accepted the offer.

17   3.14    In a meeting with all of the Shareholders, Mr. Sullivan informed them that

18   Mr. Jones was taking over and he demanded that Defendant Craig Edwards remedy his

19   behavioral problems or the franchise rights would be pulled.  Defendant Craig Edwards then

20   entered an alcohol treatment program.

21   3.15    During the next 18 months, Mr. Jones, at his own expense, traveled to Seattle,

22   often staying for over 30 days, in order to get Evergreen and its restaurants up and running.

23   Mr. Jones took no salary and the only compensation he received during this period was to

24   reimburse him for his out-of-pocket expenses.  The compensation consisted of a one-time fee

25   of $60,000 plus $10,000 for each new lease originated.  Evergreen's Board specified that this

26

COMPLAINT - 4
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1  arrangement was limited and applicable only to Mr. Jones for services he provided through

2  December 1996.

3    3.16    At the end of 1996, after securing eight leases with six others pending, opening

4  and growing eight restaurants, and moving Evergreen and its restaurants to profitability,

5  Mr. Jones relinquished operating control back to Defendant Craig Edwards.  The Board once

6  again named Defendant Craig Edwards president and CEO, with the hope that he would now be

7  able to manage the operations effectively.

8    3.17    Immediately after the 1998 Board meeting, Defendant Craig Edwards revealed

9  to the Board that, in addition to his salary, he desired to pay himself the $10,000 one-time per

10  lease fee that was initially used to partially cover Mr. Jones' expenses during the 18-month

11  period Mr. Jones was running Evergreen.

12    3.18    Both Mr. Leich and Mr. Jones informed Defendant Craig Edwards that it was

13  not appropriate for him to take this additional money from Evergreen and that any such

14  payments were improper and unauthorized.

15    3.19    Defendant Craig Edwards agreed that he would not take the distributions.

16    3.20    During 1998 and 1999, Mr. Jones and Mr. Leich received distributions with

17  minimal information from Defendant Craig Edwards, but with his assurance that things were

18  going well.

19    3.21    Near the end of 1999, Mr. Jones and Mr. Leich began receiving reports that

20  Defendant Craig Edwards was again having behavioral problems.

21    3.22    These reports were verified in early 2000 when Defendant Craig Edwards was

22  found intoxicated in Evergreen's parking lot.

23    3.23    Mr. Leich notified Mr. Sullivan of the problem and Defendant Craig Edwards

24  agreed to return to alcohol treatment.

25

26

COMPLAINT - 5
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1    3.24    In September 2000, after his second period of rehabilitation, Defendant Craig

2  Edwards held a meeting in Florida with a number of investors and Paul Avery, Outback's

3  president.

4    3.25    As a result of the meeting and a subsequent verbal confrontation between

5  Defendant Craig Edwards and a limited partner in the Franchisees (Jim Woodside),

6  Mr. Sullivan contacted Mr. Jones in Germany and requested a face-to-face meeting.

7    3.26    At that meeting, Mr. Sullivan told Mr. Jones that because of the ongoing

8  problems created by Defendant Craig Edwards' inept management of Evergreen, Outback had

9  three options to resolve the problem:  (1) roll up the Northwest franchise; (2) turn over the

10  franchise management to Tom Shannon, who operates franchises in California; or (3) that

11  Mr. Jones return to Evergreen and take over operational control of Evergreen.  The first two

12  options would result in extreme damage to the value of Evergreen.

13    3.27    Although he had no interest in a full-time operating position, Mr. Jones, in order

14  to protect his investment and those of the other shareholders and investors, returned to Seattle

15  and once again took over operational control of Evergreen.  Mr. Sullivan informed Defendant

16  Craig Edwards that he was being removed as Operating Partner and that he was not to be

17  involved, in any way, in the operations of the restaurants, and was not to have any visible

18  presence in connection with any Outback business or facility.

19    3.28    In January 2001, Mr. Jones returned to operational control of Evergreen.

20  Thereafter, he began to uncover the serious mismanagement of and breaches of fiduciary duty

21  that Defendant Craig Edwards had committed during his tenure as president and CEO.

22    3.29    Mr. Jones also discovered severe personnel issues, was forced to dismiss both

23  management and operational personnel, and forced to defend sexual harassment claims.  The

24  costs and expenses of these personnel matters were extremely detrimental to Evergreen and

25  were caused directly by Defendant Craig Edwards' poor management, lack of policies,

26  procedures, training, hiring, and compliance.

COMPLAINT - 6
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1    3.30    Defendant Craig Edwards chose not to pay sales tax on the equipment purchased

2   for the restaurants.  Once Mr. Jones and Mr. Leich were informed about this illegal conduct,

3   they demanded that he correct the situation; Defendant Craig Edwards chose not to comply.  As

4   a result, Evergreen was forced to pay over $600,000 in back taxes, interest, and audit expenses.

5    3.31    Upon financial review, Mr. Jones discovered that, in spite of his assurances to

6   the contrary, Defendant Craig Edwards had been paying himself $10,000 per lease, and, in fact,

7   had raised the charge to $15,000 per lease in addition to his salary, and in direct opposition to

8   the direction of the Board in 1998.

9    3.32    Upon financial review, Mr. Jones found, along with numerous other accounting

10  inaccuracies, that because of the financial mismanagement of Defendant Craig Edwards,

11  Evergreen's 27 restaurants had a working capital deficit of over $3 million.  The deficit was a

12  direct violation of Section 6.2 of the Agreements.

13    3.33    In response to Mr. Jones' continued efforts to rectify the problems caused by

14  Defendant Craig Edwards, Defendant Craig Edwards continually accused Mr. Jones of

15  misconduct and threatened to terminate Mr. Jones based on Mr. Edwards' voting control of

16  69.3% of Evergreen.

17    3.34    Because of Defendant Craig Edwards' threats, Mr. Leich and Mr. Jones

18  attempted to structure a shareholders agreement.  Mr. Jones subsequently discussed this

19  agreement with Outback's General Counsel, Joseph Kadow.  At Mr. Kadow's request,

20  Mr. Jones attempted to structure a proxy for Defendant Craig Edwards to sign to ensure proper

21  management of Evergreen and to placate Outback's desire for compliance with the

22  Agreements.

23    3.35    After conferring with Mr. Sullivan and agreeing to sign the proxy with a

24  five-year limit, Defendant Craig Edwards summarily refused to execute the document.

25

26

COMPLAINT - 7
3962\001\147870.01

1    3.36    As a result of Defendant Craig Edwards' sudden "change of heart" with regard

2    to the proxy agreement, Outback demanded that Evergreen comply not only with the provisions

3    of Section 5.3 concerning voting power, but also with those concerning ownership.

4    3.37    In response to Outback's then current demands, Mr. Jones offered a reasonable

5    solution to the problem of share ownership in Evergreen.  The proposal allowed for the

6    purchase of a sufficient number of shares to give Mr. Jones a 50% ownership in Evergreen,

7    with a valuation based on the same formula used by Outback when valuing franchises for

8    purchase.  Although this solution would not have been in strict compliance with Section 5.3 of

9    the Agreements, Outback agreed to approve such a structure.

10    3.38    As with all other attempts to save and enhance value in Evergreen, these efforts

11    have been unsuccessful, due to Defendant Craig Edwards' unreasonable positions.

12    3.39    On January 13, 2003, an independent certified public accounting firm, Hagen

13    Streiff Newton & Oshiro, retained to conduct a review of Evergreen financial matters,

14    submitted its findings.  The findings, based only upon a sampling of several Outback locations,

15    found misleading financial information and improper and illegal acts of Defendant Craig

16    Edwards (a CPA and former partner of one of the largest accounting firms in the country),

17    including, but not limited to, the following: improper recording of credits; failure to pay

18    required contributions; misleading overstatements of equity; non-compliance with debt

19    restrictions; materially misstated capital account balances; and repeated and blatant

20    duplications of expense reimbursements and fraudulent reimbursement claims, all

21    demonstrating blatant and egregious conduct by Defendant Craig Edwards.

22    3.40    While this report only tested certain locations, it is obvious that a thorough

23    forensic accounting review would expose many millions of dollars in irregularities during

24    Defendant Craig Edwards' tenure.

25

26

COMPLAINT - 8
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

## IV. DEMAND HAS BEEN MADE TO THE BOARD

4.1     Evergreen's minority shareholders issued a letter to the Board of Directors on January 20, 2003, demanding that they take corrective action by commencing suit against Defendant Craig Edwards to recover damages and to force Defendant Craig Edwards to immediately comply with the provisions of the Franchise Agreements. These demands were refused. Any further demand is futile, as Defendant Craig Edwards is Chairman of the Board and the majority shareholder of Evergreen.

## V. FIRST CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY

5.1     Plaintiff incorporates paragraphs 1.1–4.1 above as though fully set forth herein.

5.2     By virtue of his position as Chairman and controlling shareholder of Evergreen, Defendant Craig Edwards had the power to control, and did control Evergreen's business and corporate affairs.

5.3     By virtue of his position as Chairman and controlling shareholder of Evergreen, Defendant Craig Edwards owes Evergreen and its shareholders a duty to act as a fiduciary in regard to Evergreen's affairs and is required to use his ability to control and manage Evergreen in a fair, just, and equitable manner; maximize shareholder value; act in furtherance of the best interests of Evergreen and its shareholders; refrain from abusing his position of control; and not favor his own interests at the expense of Evergreen and its shareholders.

5.4     By virtue of the acts and conduct alleged herein, Defendant Craig Edwards has breached his fiduciary duties of care, loyalty, and accountability to Evergreen and its shareholders.

5.5     As a direct result of Defendant Craig Edwards' wrongful conduct and actions, Evergreen has suffered considerable damage in an amount to be proven at trial.

## VI. SECOND CAUSE OF ACTION:
## CORPORATE WASTE

6.1     Plaintiff incorporates paragraphs 1.1–4.1 above as though fully set forth herein.

COMPLAINT - 9

3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

6.2     By virtue of his position as Chairman and controlling shareholder of Evergreen, Defendant Craig Edwards had the power to control, and did control, Evergreen's business and corporate affairs.

6.3     By virtue of the acts and conduct alleged herein, Defendant Craig Edwards misused corporate assets for his own gain and that of his marital community and has misused and wasted Evergreen's corporate assets.

6.4     As a direct result of Defendant Craig Edwards' wrongful conduct and actions, Evergreen has suffered considerable damage in an amount to be proven at trial.

## VII.  THIRD CAUSE OF ACTION:
## MINORITY SHAREHOLDER OPPRESSION

7.1     Plaintiff incorporates paragraphs 1.1–4.1 above as though fully set forth herein.

7.2     By virtue of his position as Chairman and controlling shareholder of Evergreen, Defendant Craig Edwards had the power to control, and did control, Evergreen's business and corporate affairs.

7.3     By virtue of his position as Chairman and controlling shareholder of Evergreen, Defendant Craig Edwards owes Evergreen and its shareholders fiduciary obligations and is required to use his ability to control and manage Evergreen in a fair, just, and equitable manner; maximize shareholder value; act in furtherance of the best interests of Evergreen and its shareholders; refrain from abusing his position of control; and not favor his own interests at the expense of Evergreen and its shareholders.

7.4     Defendant Craig Edwards has used Evergreen's treasury as his own personal bank account, paying personal debts with corporate funds, and misappropriating and converting corporate funds for his own purposes.

7.5     Defendant Craig Edwards' actions have violated the agreements and representations that were relied upon by Mr. Leich and Mr. Jones, as minority shareholders.

COMPLAINT - 10
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1     7.6    Defendant Craig Edwards has engaged in burdensome, harsh, and wrongful

2  conduct in his role as Chairman and controlling shareholder.  His actions show a lack of probity

3  and fair dealing and are a visible departure from the fair play that Mr. Jones and Mr. Leich

4  were entitled to expect as shareholders.

5     7.7    By virtue of the acts and conduct alleged herein, Defendant Craig Edwards has

6  oppressed the rights of Evergreen's minority shareholders.

7     7.8    As a direct result of Defendant Craig Edwards' wrongful conduct and actions,

8  Evergreen and its shareholders have suffered considerable damage in an amount to be proven at

9  trial.

10                **VIII.  FOURTH CAUSE OF ACTION:**
                         **INJUNCTIVE RELIEF**

11

12     8.1    Plaintiff incorporates paragraphs 1.1–4.1 above as though fully set forth herein.

13     8.2    By virtue of his position as Chairman and controlling shareholder of Evergreen,

14  Defendant Craig Edwards had the power to control, and did control, Evergreen's business and

15  corporate affairs.

16     8.3    By virtue of his position as Chairman and controlling shareholder of Evergreen,

17  Defendant Craig Edwards owes Evergreen and its shareholders fiduciary obligations and is

18  required to use his ability to control and manage Evergreen in a fair, just, and equitable manner;

19  maximize shareholder value; act in furtherance of the best interests of Evergreen and its

20  shareholders; refrain from abusing his position of control; and not favor his own interests at the

21  expense of Evergreen and its shareholders.

22     8.4    By virtue of the acts and conduct alleged herein, Defendant Craig Edwards has

23  caused the violations of the Franchise Agreements and continues to endanger the viability of

24  Evergreen's only valuable assets.

25     8.5    Evergreen and the shareholders have suffered, and will continue to suffer,

26  irreparable injury from Defendant Craig Edwards' continued activities, which resulted in

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1  violations of the Franchise Agreements.  Accordingly, mandatory injunctive relief compelling

2  Defendant Craig Edwards to take such steps necessary to ensure compliance with the Franchise

3  Agreements is appropriate.

### IX.  FIFTH CAUSE OF ACTION:
### CONVERSION

6      9.1    Plaintiff incorporates paragraphs 1.1–4.1 above as though fully set forth herein.

7      9.2    By virtue of his position as Chairman and controlling shareholder of Evergreen,

8  Defendant Craig Edwards had the power to control, and did control, Evergreen's business and

9  corporate affairs.

10      9.3    By virtue of the acts and conduct alleged herein, Defendant Craig Edwards has

11  permanently interfered with the possessory rights and interests in the corporate assets of

12  Evergreen and its shareholders and is liable for the value thereof.

13      9.4    As a direct result of Defendant Craig Edwards' conversion, Evergreen has

14  suffered considerable damage in an amount to be proven at trial.

### X.  SIXTH CAUSE OF ACTION:
### UNJUST ENRICHMENT

17      10.1    Plaintiff incorporates paragraphs 1.1–4.1 above as though fully set forth herein.

18      10.2    By virtue of his position as Chairman and controlling shareholder of Evergreen,

19  Defendant Craig Edwards had the power to control, and did control, Evergreen's business and

20  corporate affairs.

21      10.3    By virtue of the acts and conduct alleged herein, Defendants Edwards received

22  monies and benefits and wrongfully accepted and retained those monies and benefits to the

23  detriment of Evergreen and its shareholders.

24      10.4    Defendants Edwards' enrichment at the expense of Evergreen and the

25  shareholders was unjust.  It is unconscionable for Defendants Edwards to retain the monies

26

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1  received and any interest thereon and proceeds therefrom, as a result of Defendant Craig

2  Edwards' wrongful activities.

3      10.5    As a direct result of Defendants Edwards' unjust enrichment, Evergreen and the

4  shareholders are entitled to damages in an amount to be proved at trial.

5                              **XI.  PRAYER FOR RELIEF**

6      WHEREFORE, plaintiff prays for judgment as follows:

7      11.1    An award of damages in an amount to be proved at trial, including, but not

8  limited to, the amount of all of the salaries and other compensation received by Defendant

9  Craig Edwards for the periods when Defendant Craig Edwards breached his fiduciary duties;

10     11.2    Restitution to Evergreen of all sums unlawfully received by Defendants, along

11  with interest from the date received;

12     11.3    Declaratory relief by the Court that Defendants are required to pay to Evergreen

13  69.3% of the amount required to remedy the working capital deficiency within the Northwest

14  Franchises and return the Franchisees to compliance with Section 6.2 of the Agreements;

15     11.4    Injunctive relief requiring Defendant Craig Edwards to sell all of his shares in

16  Evergreen to Evergreen at a price determined in accordance with the valuation paid by Outback

17  when purchasing a franchise;

18     11.5    Pre- and post-judgment interest as allowed by law;

19     11.6    Plaintiff's attorneys' fees, expert fees, and other costs and expenses of this

20  litigation to be awarded against Evergreen and Defendant Craig Edwards, as provided by law;

21     11.7    Such other and further relief as this Court may deem just and proper.

22

23

24

25

26

COMPLAINT - 13
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992

1    DATED this ___21st___ day of January, 2003.

2                           TOUSLEY BRAIN STEPHENS PLLC

3

4

                     By:_____

5                            David D. Hoff, WSBA #99
                           Janissa A. Strabuk, WSBA #21827

6                            700 Fifth Avenue, Suite 5600
                           Seattle, WA 98104-5056

7                            Telephone: 206.682.5600
                           Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 14
3962\001\147870.01

TOUSLEY BRAIN STEPHENS PLLC
700 Fifth Avenue, Suite 5600
Seattle, Washington 98104-5056
TEL. 206.682.5600 • FAX 206.682.2992