

FILED
LODGED    Honorable Barbara J Rothstein
ENTERED
RECEIVED

FEB 13 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RAYMOND LEICH, a resident of Florida,
derivatively on behalf of EVERGREEN
STATE RESTAURANT CORP ,

               Plaintiff,

       vs

CRAIG and JANE DOE EDWARDS,
Washington residents, and their
marital community,

               Defendants

               and

EVERGREEN STATE RESTAURANT
CORP , a Washington corporation,

            Nominal Defendant

CRAIG R  EDWARDS, on his own behalf
and on behalf of EVERGREEN STATE
RESTAURANT CORP ,

            Counterclaimant and
            Third-Party Plaintiff,

       vs

NO  C03-0108BJR

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND
THIRD-PARTY CLAIMS

CV 03 00108 #00000007

**ORIGINAL**

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414, Seattle, WA 98101   206 292 5900

1  RAYMOND M  LEICH, an individual,              )
2  CLIFFORD L  JONES and LINDA JONES,            )
   and their marital community, and              )
3  EVERGREEN RESTAURANT VENTURES,                )
   INC , a Washington corporation,               )
4                                                )
                                                 )
5              Counterclaim Defendant and        )
               Third-Party Defendants            )
6  _____          )

7          Craig R  Edwards and Jane Doe Edwards, in answer to plaintiff's

8  Complaint, state

9

10                        **INTRODUCTION**

11          Plaintiff's claims are procedurally defective and without substance

12  Plaintiff has not complied, and cannot comply, with Rule 23 1 of the Federal Rules of Civil

13  Procedure

14

15          Plaintiff's Complaint falsely alleges that plaintiff was unable to get

16  Evergreen to take action   Plaintiff could have caused Evergreen to assert the claims that

17  are the subject of this action, but plaintiff made a tactical decision not to do so   Plaintiff

18  and another director, Clifford L  Jones ("Jones"), are jointly represented by counsel of

19  record for plaintiff   Jones is President and Chief Executive Officer of Evergreen   Plaintiff

20

21  and Jones voted down their own proposal for Evergreen to assert claims against

22  defendants

23          On Monday, January 20, 2003, at a meeting of Evergreen's board of

24  directors, plaintiff presented defendant Edwards with a letter from Tousley Brain

25  Stephens PLLC, a law firm jointly retained by plaintiff and fellow director Jones   The

26

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 2
Cause No  C03-0108BJR

1   letter contained a demand on behalf of plaintiff and Jones that "Evergreen's Board of

2   Director's immediately commence litigation against Mr Edwards" Before receiving this

3
4   letter, Edwards was unaware that plaintiff and Jones desired to sue him or that they were

5   jointly represented by counsel During the same meeting, Jones called for a vote by the

6   board of directors on whether to commence litigation against Edwards Plaintiff and

7   Jones both voted against the proposal On the following day, plaintiff filed this action

8
9   alleging that he was unable to get Evergreen to take action against Edwards

10          Plaintiff is responsible for the accounting practices that are the subject of

11   plaintiff's Complaint Plaintiff is a certified public accountant Plaintiff has provided

12   professional accounting services to Evergreen throughout its existence Evergreen has

13
14   paid plaintiff and his accounting firm, Leich & Associates, substantial fees to advise

15   Evergreen regarding the proper accounting treatment for Evergreen's financial

16   transactions Plaintiff has been treasurer for Evergreen since at least 1995 Evergreen's

17   accounting system was set up and maintained in accordance with plaintiff's

18
19   recommendations Plaintiff has prepared Evergreen's tax returns since Evergreen was

20   formed The independent accounting firm of Willett Zevenbergen & Bennett has

21   regularly audited or reviewed the financial statements for the limited partnerships

22   managed by Evergreen Plaintiff approved the accounting data that Evergreen provided

23   to Willett Zevenbergen & Bennett

24
25          Assuming that plaintiff has any legitimate concerns, which he does not,

26   plaintiff made no reasonable effort to address such concerns without litigation In April

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 3
Cause No C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave  Suite 1414, Seattle, WA 98101   206 292 5900

2002, Jones caused Evergreen to retain the accounting firm of Hagen, Streiff, Newton & Oshiro to review selected accounting transactions  The transactions to be reviewed had been approved by plaintiff and by Willett Zevenbergen & Bennett, the independent accounting firm regularly retained by Evergreen  The Hagen firm took approximately nine months to prepare the report referenced in plaintiff's Complaint  The Hagen firm's report includes transactions dating back more than eight years  Plaintiff prepared his Complaint before the Hagen firm's report was disclosed to defendants or to the independent accounting firm regularly retained by Evergreen  Plaintiff provided a copy of the Hagen firm's report to defendants less than three business days before plaintiff filed this lawsuit

Plaintiff's Complaint contains no verification as required by Rule 23 1  Plaintiff cannot truthfully provide such verification

## I. PARTIES

1 1    Defendants admit that Raymond Leich ("Leich") is a shareholder and member of the Board of Directors of Evergreen State Restaurant Corp  ("Evergreen")  Defendants lack information sufficient to admit or deny the allegation that plaintiff's legal residence is Florida  Defendants deny all other allegations in paragraph 1 1

1 2    Defendants admit that Craig R  Edwards ("Edwards") is married, and that he and his wife are residents of Washington  Defendants admit that Edwards is the majority shareholder and Chairman of the Board of Directors of Evergreen  Defendants deny all other allegations in paragraph 1 2

1      1 3     Defendants admit that Evergreen is incorporated under the laws of

2  Washington and that it has three shareholders   Evergreen's office is in Bellevue,

3  Washington, in King County   Evergreen owns interests in and provides management and

4  accounting services for restaurants operated pursuant to franchise agreements with

5

6  Outback Steakhouse of Florida, Inc ("Outback")   Defendants deny all other allegations in

7  paragraph 1 3

8                    **II.  JURISDICTION AND VENUE**

9

10     2 1     Defendants admit that the amount in controversy exceeds $75,000,

11  exclusive of interest and costs   Defendants deny all other allegations in paragraph 2 1

12     2 2     Defendants admit that, to the extent there is jurisdiction, venue in this

13  district is proper

14

15                   **III.  FACTUAL ALLEGATIONS**

16     3 1     Edwards admits that Evergreen owns interests in Evergreen State

17  Limited Partnerships 1 through 27 (the "Limited Partnerships")   Each of the Limited

18  Partnerships owns and operates an Outback Steakhouse restaurant in the Northwest

19  pursuant to a franchise agreement with Outback   Evergreen is required to provide

20

21  management and accounting services for the restaurants pursuant to the franchise

22  agreements and the agreements for the Limited Partnerships   Defendants deny all other

23  allegations in paragraph 3 1

24

25     3 2     Edwards admits that one or more franchise agreements for the

26  Limited Partnerships contain the language quoted in paragraph 3 2 of plaintiff's

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 5
Cause No  C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414, Seattle, WA 98101   206 292 5900

Complaint   Defendants deny all other allegations in paragraph 3 2

3 3     Edwards admits that Evergreen owns varying interests in the Limited Partnerships   Each of the Limited Partnerships is a franchisee under a franchise agreement with Outback   Defendants deny all other allegations in paragraph 3 3

3 4     Defendants deny the allegations in paragraph 3 4

3 5     Defendants admit the allegations in paragraph 3 5

3 6     Defendants deny the allegations in paragraph 3 6

3 7     Defendants admit the allegations in paragraph 3 7

3 8     Edwards admits that Jones and Edwards made initial investments in Evergreen as agreed   Edwards admits that his initial investment consisted of more than one payment   Edwards denies that he concealed the timing of his investment from Jones   Defendants deny all other allegations in paragraph 3 8

3 9     Edwards admits that Leich acquired one share of Evergreen stock in 1995 for approximately \$13,000   Defendants deny all other allegations in paragraph 3 9

3 10     Edwards admits that the shareholders of Evergreen State Restaurant Corp own 101 shares of stock   Edwards owns 70 shares, Jones owns 30 shares of stock, and Leich owns one share   Defendants admit that Edwards, Jones, and Leich comprise the Board of Directors of Evergreen   Defendants admit that the percentages of ownership stated in paragraph 3 10 of plaintiff's Complaint are correct subject to rounding errors   Defendants deny all other allegations in paragraph 3 10

3 11     Defendants deny the allegations in paragraph 3 11 based on lack of

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 6
Cause No C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave   Suite 1414, Seattle, WA 98101   206 292 5900

information   Defendants do not know whether Leich made the alleged statements to Jones

3 12     Defendants deny the allegations in paragraph 3 12

3 13     Edwards admits that in approximately August 1995 Chris Sullivan, CEO of Outback, met with Edwards and Jones regarding the management of Evergreen and the franchises   At that meeting, Sullivan asked that Jones oversee the operations of Evergreen for six months so that Edwards could participate in an alcohol treatment program   Edwards and Jones concurred   Defendants lack information sufficient to admit or deny the allegation about a private meeting between Jones and Sullivan   Defendants deny all other allegations in paragraph 13

3 14     Edwards admits that Sullivan insisted that Edwards seek alcohol treatment   Sullivan indicated that Edwards' failure to obtain such treatment could jeopardize his ability to participate in Outback franchises   Edwards completed an alcohol treatment program as requested   Defendants deny all other allegations in paragraph 3 14

3 15     Edwards admits that from approximately August 1995 to February 1996, Jones made various trips to Seattle and devoted additional time to Evergreen's operations   Edwards admits that Jones was compensated as agreed   Defendants deny all other allegations in paragraph 3 15

3 16     Edwards admits that Jones was President of Evergreen from approximately September 1995 until December 1996   On December 5, 1995, Edwards was elected Chief Executive Officer of Evergreen   In December 1996, Edwards was reelected

President   Defendants deny all other allegations in paragraph 3 16

3 17    Defendants deny the allegations in paragraph 3 17

3 18    Defendants deny the allegations in paragraph 3 18

3 19    Defendants deny the allegations in paragraph 3 19

3 20    Edwards admits that Evergreen's operations were "going well" in 1998 and 1999 and that Jones and Leich received appropriate distributions from Evergreen   Edwards denies that Jones and Leich were limited to "minimal information" relating to Evergreen's operations   Defendants deny all other allegations in paragraph 3 20

3 21    Defendants deny the allegations in paragraph 3 21 based on lack of information

3 22    Edwards admits that in 2000 he had a reoccurrence of alcohol problems   Defendants deny all other allegations in paragraph 3 22

3 23    Edwards admits that in approximately June 2000 he returned to alcohol treatment   Defendants deny all other allegations in paragraph 3 23

3 24    Edwards admits that in September 2000 there was a meeting in Florida attended by Paul Avery, Marc Drewry, Mark Johnson, Leich, Edwards, and several limited partners in the Limited Partnerships   Defendants deny all other allegations in paragraph 3 24

3 25    Edwards admits that he had a discussion with Jim Woodside in the lobby of the hotel following the meeting referenced in paragraph 3 24 above   Edwards

denies that there was any "confrontation" with Woodside   Defendants deny all other

allegations in paragraph 3 25 based on lack of information

3 26     Defendants deny the allegations regarding a meeting between

Sullivan and Jones based on lack of information   Defendants deny the allegations about

what options would cause harm to Evergreen on the ground that those allegations are not

sufficiently detailed to permit a meaningful response   Defendants deny all other

allegations in paragraph 3 26

3 27     Edwards admits that Outback advised Edwards that he was no

longer acceptable to Outback as Operating Partner   Outback advised Edwards that Jones

or Shannon would be acceptable as Operating Partner   Outback also stated that

Evergreen could propose other candidates for Operating Partner subject to Outback's

approval   Outback did not want Edwards to have continuing involvement in restaurant

operations   Jones asked Edwards if he would agree to Jones' assuming responsibility for

Evergreen's operations   Jones said that he would look out for Edwards' interests and

protect Edwards' investment   Jones said that he would do a better job than Shannon

would   Defendants deny all other allegations in paragraph 3 27

3 28     Edwards admits that in January 2001, with Edwards' approval, Jones

was elected President and CEO of Evergreen and assumed control of Evergreen's

franchise operations   Defendants deny all other allegations in paragraph 3 28

3 29     Edwards admits that Jones dismissed certain management and

operational personnel, including persons hired by Jones   Edwards also admits that

1  Evergreen was required to deal with sexual harassment claims relating to certain Outback

2  restaurants   Defendants deny all other allegations in paragraph 3 29

3
4          3 30     Edwards admits that Evergreen did not pay Washington sales tax on

5  certain equipment purchased through Outback   There was a factual and legal basis for

6  Evergreen's actions   Plaintiff concurred in the decision not to pay sales tax on such

7  purchases   The State of Washington took the position that sales tax was due, and sales

8
9  taxes were paid with interest   Defendants deny all other allegations in paragraph 3 30

10         3 31     Defendants deny the allegations in paragraph 3 31

11         3 32     Defendants deny the allegations in paragraph 3 32

12         3 33     Edwards admits that he expressed concern about Jones' handling of

13
14  Evergreen's funds and Jones' refusal to permit access to Evergreen's books and records

15  Defendants deny all other allegations in paragraph 3 33

16         3 34     Defendants deny the allegations in paragraph 3 34

17         3 35     Edwards admits that he declined to execute certain irrevocable

18
19  proxies proposed by Jones   Defendants deny all other allegations in paragraph 3 35

20         3 36     Edwards admits that in May 2002 Outback requested that Evergreen

21  comply with Section 5 3 of the franchise agreements   Defendants deny all other

22  allegations in paragraph 3 36

23
24         3 37     Edwards denies that Jones has made a reasonable proposal for

25  resolving issues relating to the control of Evergreen   Outback has never required

26  compliance with Section 5 3 of the franchise agreements   Defendants deny plaintiff's

1   allegations regarding conversations between Jones and Outback based on lack of

2   information   Defendants deny all other allegations in paragraph 3 37

3
4               3 38      Defendants deny the allegations in paragraph 3 38

5               3 39      Edwards admits that in April 2002, Jones caused Evergreen to retain

6   the accounting firm of Hagen, Streiff, Newton & Oshiro to review selected accounting

7   transactions   The transactions to be reviewed had been approved by plaintiff and by

8
9   Willett Zevenbergen & Bennett, the independent accounting firm regularly retained by

10  Evergreen   With Jones' input, the Hagen firm prepared a report that is critical of

11  Evergreen's accounting practices   Edwards denies that such criticisms are valid   Plaintiff

12  is responsible for the accounting practices that are the subject of plaintiff's Complaint

13  Defendants deny all other allegations in paragraph 3 39.
14
15                  **IV.  DEMAND HAS BEEN MADE TO THE BOARD**

16              4 1      Edwards admits that on January 20, 2003, plaintiff and Jones

17  submitted a demand on Evergreen's Board of Directors to commence litigation against

18  Edwards   Plaintiff and Jones constitute a majority of Evergreen's Board of Directors
19
20  Jones is President and Chief Executive Officer of Evergreen   Plaintiff and Jones voted

21  down their own proposal for Evergreen to assert claims against Edwards   Plaintiff filed

22  this action the following day   Defendants deny all other allegations in paragraph 4 1

23  /////
24

25

26

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave, Suite 1414, Seattle, WA 98101   206 292 5900

## V.  FIRST CAUSE OF ACTION:
### BREACH OF FIDUCIARY DUTY

5 1     Defendants incorporate by reference their responses to paragraphs 1 1 through 4 1 above

5 2     Edwards admits that he is the majority shareholder and Chairman of the Board of Directors of Evergreen, and that he has the rights available to a person in those positions   Defendants deny that Edwards has misused any rights available to him Defendants deny all other allegations in paragraph 5 2

5 3     Defendants admit that as the majority shareholder and Chairman of the Board of Directors of Evergreen, Craig Edwards has such duties as are imposed by Evergreen's Articles of Incorporation and Bylaws and by applicable law   Defendants deny all other allegations in paragraph 5 3

5 4     Defendants deny the allegations in paragraph 5 4

5 5     Defendants deny the allegations in paragraph 5 5

## VI.  SECOND CAUSE OF ACTION:
### CORPORATE WASTE

6 1     Defendants incorporate by reference their responses to paragraphs 1 1 through 5 5 above

6 2     Edwards admits that he is the majority shareholder and Chairman of the Board of Directors of Evergreen, and that he has the rights available to a person in those positions   Defendants deny that Edwards has misused any rights available to him Defendants deny all other allegations in paragraph 6 2

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414  Seattle, WA 98101    206 292 5900

6 3    Defendants deny the allegations in paragraph 6 3

6 4    Defendants deny the allegations in paragraph 6 4

### VII.  THIRD CAUSE OF ACTION: MINORITY SHAREHOLDER OPPRESSION

7 1    Defendants incorporate by reference their responses to paragraphs 1 1 through 6 4 above

7 2    Edwards admits that he is the majority shareholder and Chairman of the Board of Directors of Evergreen, and that he has the rights available to a person in those positions   Defendants deny that Edwards has misused any rights available to him   Defendants deny all other allegations in paragraph 7 2

7 3    Defendants admit that as the majority shareholder and Chairman of the Board of Directors of Evergreen, Craig Edwards has such duties as are imposed by Evergreen's Articles of Incorporation and Bylaws and by applicable law   Defendants deny all other allegations in paragraph 7 3

7 4    Defendants deny the allegations in paragraph 7 4

7 5    Defendants deny the allegations in paragraph 7 5

7 6    Defendants deny the allegations in paragraph 7 6

7 7    Defendants deny the allegations in paragraph 7 7

7 8    Defendants deny the allegations in paragraph 7 8

### VIII.  FOURTH CAUSE OF ACTION: INJUNCTIVE RELIEF

8 1    Defendants incorporate by reference their responses to

1  paragraphs 1 1 through 7 8 above

2         8 2    Edwards admits that he is the majority shareholder and Chairman of

3
4  the Board of Directors of Evergreen, and that he has the rights available to a person in

5  those positions   Defendants deny that Edwards has misused any rights available to him

6  Defendants deny all other allegations in paragraph 8 2

7         8 3    Defendants admit that as the majority shareholder and Chairman of

8
9  the Board of Directors of Evergreen, Craig Edwards has such duties as are imposed by

10  Evergreen's Articles of Incorporation and Bylaws and by applicable law   Defendants

11  deny all other allegations in paragraph 8 3

12         8 4    Defendants deny the allegations in paragraph 8 4

13
14  ### IX. FIFTH CAUSE OF ACTION:
### CONVERSION

15         9 1    Defendants incorporate by reference their responses to

16
17  paragraphs 1 1 through 8 4 above

18         9 2    Edwards admits that he is the majority shareholder and Chairman of

19  the Board of Directors of Evergreen, and that he has the rights available to a person in

20  those positions   Defendants deny that Edwards has misused any rights available to him

21
22  Defendants deny all other allegations in paragraph 9 2

23         9 3    Defendants deny the allegations in paragraph 9 3

24         9 4    Defendants deny the allegations in paragraph 9 4

25  /////

26

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 14
Cause No  C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave  Suite 1414  Seattle, WA 98101   206 292 5900

## X.  SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT

10 1    Defendants incorporate by reference their responses to paragraphs 1 1 through 9 4 above

10 2    Edwards admits that he is the majority shareholder and Chairman of the Board of Directors of Evergreen, and that he has the rights available to a person in those positions  Defendants deny that Edwards has misused any rights available to him  Defendants deny all other allegations in paragraph 10 2

10 3    Defendants deny the allegations in paragraph 10 3

10 4    Defendants deny the allegations in paragraph 10 4

10 5    Defendants deny the allegations in paragraph 10 5

## XI.  MISCELLANEOUS

11 1    Defendants deny all allegations not admitted above

11 2    Defendants reserve the right to amend this answer following discovery

## DEFENSES

Defendants assert the following defenses

1    Plaintiff's Complaint fails to state a claim upon which relief can be granted

2    This action was brought collusively to confer jurisdiction on a court of the United States that it would not otherwise have

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 15
Cause No  C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414, Seattle, WA 98101    206 292 5900

3      Plaintiff's claims are barred by plaintiff's failure to comply with Rule 23 1 of the Federal Rules of Civil Procedure

4      Plaintiff's claims are barred by the doctrines of waiver and estoppel

5      Plaintiff's claims are barred by lack of standing

6      Plaintiff's claims are barred by applicable statues of limitation

7      Plaintiff's claims are barred by plaintiff's wrongful conduct

8      Plaintiff's claims are barred by plaintiff's unreasonable and uncooperative conduct

9      Plaintiff's claims are barred by plaintiff's failure to join an indispensable party.

## COUNTERCLAIMS AND THIRD-PARTY CLAIMS

Craig R Edwards, on his own behalf and on behalf of Evergreen State Restaurant Corp , asserts the following counterclaims and third-party claims against Raymond M Leich, Clifford L Jones and Linda Jones, husband and wife, and Evergreen Restaurant Ventures, Inc , a Washington Corporation

### Parties

1      Counterclaimant and third-party plaintiff, Craig R Edwards ("Edwards"), is a resident of Washington   Edwards owns approximately 69 percent of the stock of Evergreen State Restaurant Corp

2      Counterclaim and third-party defendant Raymond M Leich ("Leich") is a resident of a state other than Washington   Leich owns approximately one

1   percent of the stock of Evergreen State Restaurant Corp   Leich is a member of the Board

2   of Directors of Evergreen

3

4          3       Third-party defendants Clifford L Jones ("Jones") and Linda Jones

5   are husband and wife and are residents of Washington   Jones owns approximately

6   30 percent of the stock of Evergreen State Restaurant Corp   Jones is President and CEO

7   and a member of the Board of Directors of Evergreen   All of Jones' actions that are the

8   *subject of these counterclaims and third-party claims were taken for the benefit of his*

9   *marital community*

10

11          4       Evergreen State Restaurant Corp  ("Evergreen") is a Washington

12   corporation  Evergreen was formed in 1994  Edwards, Jones and Leich are the sole

13   shareholders of Evergreen   Evergreen has 101 shares of stock issued and outstanding

14

15   Edwards owns 70 shares of Evergreen stock   Jones owns 30 shares of Evergreen stock

16   Leich owns 1 share of Evergreen stock   The Board of Directors of Evergreen consists of

17   Edwards, Jones and Leich   Edwards is Chairman of the Board of Evergreen   Jones is

18   President and CEO of Evergreen   Leich is Secretary/Treasurer of Evergreen

19

20          5       Third-party defendant Evergreen Restaurant Ventures, Inc  is a

21   Washington corporation

22   **Jurisdiction**

23          6       The court has jurisdiction over these counterclaims and third party

24   claims pursuant to 28 USC § 1366 because the counterclaims and third party claims are so

25   related to plaintiff's claims that they form part of the same case or controversy

26

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 17
Cause No  C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414, Seattle, WA 98101   206 292 5900

1

## Background

2         7        Edwards was a partner in the accounting firm of DeLoitte & Touche

3
4    for approximately 23 years  He served a variety of clients in the restaurant industry,

5    including Outback Steakhouse, Inc  In 1994, he resigned from DeLoitte & Touche to

6    found Evergreen  The business plan for Evergreen was to invest in and operate Outback

7    Steakhouse Restaurants in the Northwest  At the time, Outback had no restaurants in this

8
9    part of the country

10        8        Evergreen opened its first Outback Steakhouse Restaurant in March

11   1995  From 1995 through 2000, Evergreen opened 27 Outback Steakhouse Restaurants in

12   Washington, Oregon, Alaska and Idaho

13        9        Evergreen is a participant in joint ventures that are the general
14
15   partners in Evergreen State Limited Partnerships 1 through 27 (the "Limited

16   Partnerships")  Each of the Limited Partnerships owns and operates an Outback

17   Steakhouse restaurant pursuant to a franchise agreement with Outback Steakhouse of

18   Florida, Inc  ("Outback")
19
20        10       Edwards was President or CEO of Evergreen from the time

21   Evergreen was founded in 1994 until January 2001, except for a brief period of

22   approximately three months in 1995  Edwards was President of Evergreen from 1994

23   until September 1995, and from December 1996 until January 2001  Edwards was CEO of
24
25   Evergreen from December 1995 until January 2001  Jones was President of Evergreen

26   from September 1995 until December 1996  Leich has been Treasurer of Evergreen from

1  1995 to the present

2         11     While Edwards was in charge, Evergreen's operations were

3
4  successful  In 1998, for example, Outback selected Evergreen as "Franchise of the Year "

5  **Operating Partner**

6         12     All the Outback Steakhouse Restaurant Franchise Agreements for the

7  Limited Partnerships provide that if the Franchisee is not an individual, the Franchisee

8
9  will designate an individual to serve as the "Operating Partner "  The Franchise

10  Agreements provide that the Operating Partner will be a person acceptable to both

11  Franchisee and Franchisor

12         13     Edwards was designated as Operating Partner for all the Limited

13
14  Partnerships  Edwards' designation as Operating Partner was approved by the Limited

15  Partnerships and by Outback

16  **Change in Operating Partner**

17         14     In 2000, Evergreen's operations were impacted by a general economic

18
19  downturn  At the end of 2000, Outback asked Evergreen to name a new Operating

20  Partner

21         15     Outback told Evergreen that Jones would be acceptable as Operating

22  Partner for the Limited Partnerships

23         16     Outback told Evergreen that Tom Shannon, an individual who is

24  Operating Partner for other Outback Steakhouse Restaurants, would also be acceptable as

25
26  Operating Partner for the Limited Partnerships

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 19
Cause No  C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave  Suite 1414, Seattle, WA 98101   206 292 5900

17    Jones asked Edwards to agree to Jones' assuming responsibility for Evergreen's operations   Jones said that he would look out for Edwards' interests and protect Edwards' investment

18    In January 2001, Edwards, Jones and Leich elected Jones President and CEO of Evergreen

19    In January 2001, Evergreen designated Jones as Operating Partner for the Limited Partnerships

20    Outback approved Evergreen's designation of Jones as Operating Partner for the Limited Partnerships

### Evergreen Ventures

21    In January 2001, Jones formed a new Washington corporation named Evergreen Restaurant Ventures, Inc  ("Evergreen Ventures")

22    Jones is President and CEO of Evergreen Ventures

23    Jones is the controlling shareholder of Evergreen Ventures

24    Jones and Leich are directors of Evergreen Ventures

25    Leich is Treasurer of Evergreen Ventures

26    Jones proposed that Evergreen Ventures, as opposed to Evergreen, own an interest in and manage all additional Outback Steakhouse Restaurants opened in the Northwest

27    Jones proposed that Evergreen use Evergreen Ventures to provide management and accounting services to Evergreen's Limited Partnerships

**Corporate Legal Counsel**

28      In January 2001, Jones directed Evergreen's legal counsel, Short

Cressman & Burgess PLLC ("Short Cressman"), to prepare legal documents needed to

accomplish Jones' objectives

29      Short Cressman prepared a checklist of agreements and other items

that would be required to accomplish Jones' objectives

30      Short Cressman advised Jones and Edwards that Short Cressman had

conflicts of interest with respect to the differing interests of Evergreen and Evergreen

Ventures and the shareholders of those entities

31      Short Cressman advised the shareholders of Evergreen and

Evergreen Ventures to consult with independent counsel

**Operations of Evergreen Ventures**

32      Following Short Cressman's advice that the shareholders consult

with independent counsel, Jones proceeded to implement his plans without any

agreement between Evergreen and Evergreen Ventures or among the shareholders of

those entities

33      Since January 2001, Evergreen Ventures has opened five Outback

Steakhouse Restaurants   Evergreen Ventures owns controlling interests in and manages

those restaurants   Evergreen had largely completed development of all those restaurants

before Jones transferred them to Evergreen Ventures

34      Evergreen Ventures has employed all of Evergreens' employees

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave  Suite 1414, Seattle WA 98101    206 292 5900

35      Evergreen Ventures has taken the office space used by Evergreen

36      Evergreen Ventures is using Evergreen's former employees to provide management and accounting services to Evergreen's Limited Partnerships

37      Jones is depositing Evergreen's funds into Evergreen Ventures' bank accounts

38      Jones and Evergreen Ventures are using funds belonging to Evergreen for the operations of Evergreen Ventures

39      Jones has denied Edwards access to the books and records of Evergreen

40      Leich has supported and assisted Jones in the above activities

**Management Fees**

41      All the partnership agreements for the Limited Partnerships provide that Evergreen will receive a fee based on a percentage of the gross sales of the Outback Steakhouse Restaurants for providing management and accounting services to the Limited Partnerships ("Management Fees")

42      All Management Fees from the Limited Partnerships are property of Evergreen

43      When Edwards was Operating Partner, all Management Fees from the Limited Partnerships were paid to Evergreen   Evergreen paid Edwards a salary

44      Jones has taken the position that Jones' status as Operating Partner excuses him from paying the Management Fees from the Limited Partnerships to

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 22
Cause No  C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414, Seattle, WA 98101   206 292 5900

1   Evergreen  Instead of taking a salary from Evergreen, Jones is directing all the

2   Management Fees to Evergreen Ventures  Jones and Evergreen Ventures then refuse to

3
4   account for their use of the Management Fees

5         45     Jones is using all Management Fees from the Limited Partnerships for

6   the benefit of Jones and Evergreen Ventures

7         46     Jones has refused to use any of the Management Fees from the

8
9   Limited Partnerships to pay Evergreen's expenses

10                          **Corporate Credit**

11        47     Jones and Evergreen Ventures are using the credit of Evergreen and

12   the Limited Partnerships for the benefit of Evergreen Ventures

13        48     Jones and Evergreen Ventures have pledged the assets of Evergreen
14
15   and the Limited Partnerships for the benefit of Evergreen Ventures

16                          **Conflicts of Interest**

17        49     Jones has a conflicting interest as defined by RCW 23B 08 700 with

18   respect to any transaction between Evergreen and Evergreen Ventures
19
20        50     Leich has a conflicting interest as defined by RCW 23B 08 700 with

21   respect to any transaction between Evergreen and Evergreen Ventures

22        51     To the extent Leich and Jones as officers and directors of Evergreen

23   purport to have approved any transaction benefiting Evergreen Ventures, such purported
24
25   approval is invalid

26        52     Jones has a conflicting interest as defined by RCW 23B 08 700 with

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 23
Cause No  C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414, Seattle, WA 98101   206 292 5900

respect to any transaction between Evergreen and Jones

53     To the extent Jones as an officer and director of Evergreen purports to have approved any transaction benefiting Jones, such purported approval is invalid

54     Leich has a conflicting interest as defined by RCW 23B 08 700 with respect to any transaction between Evergreen and Leich

55     To the extent Leich as an officer and director of Evergreen purports to have approved any transaction benefiting Leich, such purported approval is invalid

### Accounting Malpractice

56     Leich is a certified public accountant

57     Leich has provided professional accounting services to Evergreen throughout its existence

58     Evergreen has paid Leich and his accounting firm substantial fees to advise Evergreen regarding the proper accounting treatment for Evergreen's financial transactions

59     Leich has been Treasurer for Evergreen since at least 1995 Evergreen's accounting system was set up and maintained in accordance with plaintiff's recommendations

60     Leich has prepared Evergreen's tax returns since Evergreen was formed

61     The independent accounting firm of Willett Zevenbergen & Bennett has regularly audited or reviewed the financial statements for the limited partnerships

1   managed by Evergreen

2       62    Leich has approved the accounting data that Evergreen provided to

3
4   Willett Zevenbergen & Bennett

5       63    Leich failed to make proper disclosure of conflicts of interest and to

6   obtain effective waivers of such conflicts when rendering accounting services to

7   Evergreen

8       64    To the extent that Evergreen may be determined to have used any

9
10  improper accounting practice, Leich is liable for accounting malpractice

11      65    Whether or not Evergreen is determined to have used any improper

12  accounting practice, Leich should be required to disgorge to Evergreen all fees paid to

13  him for accounting services

14
15                      **Harm to Evergreen and Edwards**

16      66    The actions of Jones, Leich and Evergreen Ventures have caused

17  money damages to Evergreen and Edwards

18      67    The actions of Jones, Leich and Evergreen Ventures have caused

19
20  irreparable harm to Evergreen and Edwards

21      68    The actions of Jones, Leich and Evergreen Ventures are causing

22  continuing harm to Evergreen and Edwards

23                              **Unjust Enrichment**

24
25      69    Jones, Leich and Evergreen Ventures have been unjustly enriched by

26  their actions

1              **Refusal to Cooperate**

2          70      Jones and Leich have refused to make any reasonable effort to resolve

3   the differences of the parties
4

5          71      Edwards proposed a shareholders agreement but received no

6   meaningful response  Jones has never proposed any shareholders agreement to Edwards

7          72      Jones has indicated a desire to purchase some or all of Edwards' stock

8   in Evergreen, but Jones refused to propose a price  Jones insisted that Edwards propose a
9

10  price  When Edwards proposed a price, Jones criticized Edwards' proposed price as

11  excessive

12         73      Edwards indicated to Jones and Leich that Edwards would prefer not

13  to take legal action  Edwards suggested to Jones and Leich that the parties use a third
14

15  party mediator in an effort to resolve their differences  Jones and Leich responded with

16  this lawsuit

17         74      Leich's claims against Edwards are without merit  Leich's claims

18  were asserted solely for tactical purposes  Leich and Jones are jointly represented by
19

20  Leich's counsel of record  It appears that Jones was not named as a plaintiff because

21  naming Jones would preclude diversity jurisdiction

22              **Derivative Action**

23         75      Edwards was a shareholder of Evergreen at the time of the wrongful

24  actions of Jones, Leich and Evergreen Ventures
25

26         76      The counterclaims and third-party claims are not collusive claims to

1    confer jurisdiction on a court of the United States that it would not otherwise have

2        77    Edwards has made repeated requests that Jones, Leich and Evergreen

3    Ventures cease their wrongful conduct

### Causes of Action

6        78    Jones' actions constitute self-dealing, breach of fiduciary duties,

conversion, corporate waste, misappropriation of corporate assets, misappropriation of

corporate opportunities, unjust enrichment, and otherwise violate Jones' duties as an

officer and director of Evergreen

11       79    Leich's actions constitute self-dealing, breach of fiduciary duties,

conversion, corporate waste, misappropriation of corporate assets, misappropriation of

corporate opportunities, unjust enrichment, and otherwise violate Leich's' duties as an

officer and director of Evergreen   Leich's actions also constitute negligence and

accounting malpractice

17       80    Evergreen Ventures' actions constitute conversion, interference with

contractual relationships, interference with business opportunities, unjust enrichment,

and otherwise violate applicable law

### **PRAYER FOR RELIEF**

WHEREFORE, defendants, counterclaimant and third-party plaintiff

request the following relief against Leich, Jones and his marital community, and

Evergreen Ventures

26       1    Dismissal with prejudice of all claims asserted by Leich either on his

own behalf or on behalf of Evergreen ,

2    An award of damages in favor of Edwards and Evergreen in an amount to be proven at trial,

3    Disgorgement to Evergreen of all fees paid to Leich for accounting services,

4    Injunctive relief as may be necessary to stop the continuing misconduct of Leich, Jones and Evergreen Ventures,

5    An award of costs and reasonable attorneys' fees, and

3    Such other relief as the Court deems just and proper

DATED this __13th__ day of February, 2003

HALL ZANZIG CLAFLIN MCEACHERN PLLC

By _____

Spencer Hall
WSB No 6162
Attorneys for Defendants, Counterclaimant
and Third-Party Plaintiff

<u>VERIFICATION</u>

STATE OF WASHINGTON          )
                             )     ss
COUNTY OF KING               )

CRAIG R EDWARDS, being duly sworn, states

That he is the counterclaimant and third-party plaintiff in the above-caption matter, that he has read the counterclaim and third-party claims and believes the allegations set forth in these claims to be true

_____
Craig R Edwards

SUBSCRIBED AND SWORN to before me this __13th__ day of February, 2003

_____
(Signature of Notary)
KAREN A. BENEDICT
(Printed Name)

Notary Public in and for the State of Washington, residing at _Bellevue_
My Commission expires _3-1-05_

ANSWER TO COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY CLAIMS - 29
Cause No C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave, Suite 1414 Seattle, WA 98101   206 292 5900

Honorable Barbara J Rothstein

```
                    FILED
                    LODGED
                    RECEIVED
                    FEB 1 3 2003   MR
                    AT SEATTLE
            BY   CLERK U S DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
                                        DEPUTY
```

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

RAYMOND LEICH, a resident of Florida,
derivatively on behalf of EVERGREEN
STATE RESTAURANT CORP ,

          Plaintiff,

       vs

CRAIG and JANE DOE EDWARDS,
Washington residents, and their
marital community,

          Defendants,

          and

EVERGREEN STATE RESTAURANT
CORP., a Washington corporation,

          Nominal Defendant

NO  C03-0108BJR

AFFIDAVIT OF SERVICE

STATE OF WASHINGTON)
              ) ss
COUNTY OF KING     )

      KAREN A  BENEDICT, being first duly sworn, states

      1     I am an employee of Hall Zanzig Claflin McEachern PLLC

AFFIDAVIT OF SERVICE - 1
Cause No  C03-0108BJR

**ORIGINAL**

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414, Seattle, WA 98101   206 292 5900

2       I hereby certify that on February 13, 2003, I caused a copy of the Summons In a Civil Case and Answer to Complaint, Counterclaims and Third-Party Claims to be served on the following

> David D Hoff
> Janissa A Strabuk
> Tousley Brain Stephens PLLC
> 700 Fifth Avenue, Suite 5600
> Seattle, Washington 98104-5056
> (via hand-delivery)

_Karen A. Benedict_
Karen A Benedict

SUBSCRIBED AND SWORN to before me this ___13th___ day of February, 2003

_Sherrie A. Pierce_
(Signature of Notary)
_Sherrie A. Pierce_
(Printed Name)

Notary Public in and for the State of Washington, residing at _Federal Way_
My Commission expires _2-12-05_

AFFIDAVIT OF SERVICE - 2
Cause No C03-0108BJR

HALL ZANZIG CLAFLIN MCEACHERN
1200 Fifth Ave , Suite 1414  Seattle, WA 98101   206 292 5900