Honorable Barbara J Rothstein

FILED
LODGED
ENTERED
RECEIVED
APR 30 2003
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND LEICH, a resident of Florida, derivatively on behalf of EVERGREEN STATE RESTAURANT CORP, | |
| Plaintiff, | NO C03-0108BJR |
| vs. | MOTION TO ENFORCE ACCESS TO CORPORATE INFORMATION |
| CRAIG and JANE DOE EDWARDS, Washington residents, and their marital community, | |
| Defendants, | NOTE ON MOTION CALENDAR May 16, 2003 |
| and | |
| EVERGREEN STATE RESTAURANT CORP, a Washington corporation, | |
| Nominal Defendant | |
| CRAIG R EDWARDS, on his own behalf and on behalf of EVERGREEN STATE RESTAURANT CORP, | |
| Counterclaimant and Third-Party Plaintiff, | |
| vs | |

CV 03-00108 #00000046

**ORIGINAL**

MOTION TO ENFORCE ACCESS
TO CORPORATE INFORMATION - 1
Cause No C03-0108BJR

HALL ZANZIG ZULAUF
CLAFLIN MCEACHERN
1200 Fifth Avenue, Suite 1414
Seattle, Washington 98101
206 292 5900

| | |
|---|---|
| 1 | RAYMOND M LEICH, an individual, ) |
| 2 | CLIFFORD L JONES and LINDA JONES, ) and their marital community, and ) |
| 3 | EVERGREEN RESTAURANT VENTURES, ) INC , a Washington corporation, ) |
| 4 | ) |
| 5 | Counterclaim Defendant and ) Third-Party Defendants ) |
| 6 | ) |

Craig Edwards, the Chairman of the Board of Directors and the majority shareholder of Evergreen State Restaurant Corporation ("Evergreen"), seeks enforcement of the commitment made by Cliff Jones and Ray Leich, the minority shareholders of Evergreen, that all the shareholders will have equal access to Evergreen's books and records

On February 26, 2003, the Court held a hearing on Leich's motion for a temporary restraining order barring a special shareholders meeting scheduled by Mr Edwards to consider certain amendments to Evergreen's bylaws   One of the proposed amendments would have ensured all shareholders equal access to Evergreen's books and records

## ARTICLE XII

## ACCESS TO INFORMATION

> Each of the shareholders will have the right to unlimited access to the originals of all books and records of the Corporation and any other information within Evergreen's possession or control   Such right of access, includes, but is not limited to, unlimited access to information and materials in the possession or control of

MOTION TO ENFORCE ACCESS
TO CORPORATE INFORMATION - 2
Cause No  C03-0108BJR

HALL ZANZIG ZULAUF
CLAFLIN MCEACHERN
1200 Fifth Avenue, Suite 1414
Seattle, Washington 98101
206 292 5900

attorneys, accountants, banks and other persons and entities who have provided services for Evergreen [1]

The Court granted a TRO barring the scheduled shareholders meeting, but addressed the issue of equal access to corporate information as follows

> THE COURT  I don't see anything wrong with the amendment requiring him to get corporate information  That is not going to hurt anybody  That should be done
>
> MR HOFF  Nor do we, Your Honor
>
> THE COURT  (It) shouldn't be opposed
>
> MR HOFF  I agree
>
> THE COURT  So, why don't you drop that part of your TRO?
>
> MR HOFF  We will be happy to agree or we'll simply agree that we will give them any of the information they want, as we have previously  That is a disputed item, too
>
> THE COURT  I don't want to hear a dispute about it  I want him to get any corporate information he needs
>
> MR HOFF  We agree, Your Honor [2]

The commitment to grant equal access to corporate information, as provided in the above quoted bylaw, was unequivocal  Unfortunately, Jones and Leich have refused to honor that commitment

---

[1] A copy of the proposed First Amendment to Bylaws of Evergreen State Restaurant Corp is Exhibit 2 to the Second Affidavit of Spencer Hall

[2] Transcript of Hearing on Motion for Temporary Restraining Order on February 26, 2003 before the Honorable Barbara Jacobs Rothstein, United States District Judge, at the United States Courthouse, Seattle, Washington ("Transcript"), p 23  A complete copy of the Transcript is Exhibit 1 to the Second Affidavit of Spencer Hall

MOTION TO ENFORCE ACCESS TO CORPORATE INFORMATION - 3
Cause No C03-0108BJR

HALL ZANZIG ZULAUF
CLAFLIN MCEACHERN
1200 Fifth Avenue, Suite 1414
Seattle, Washington 98101
206 292 5900

Jones and Leich have barred Mr Edwards from Evergreen's place of business They insist that any review of books and records must occur off-site They further insist that all requests for access to corporate information must be processed through legal counsel Except for his own expense records, Mr Edwards is not allowed to see original documents Instead, he is charged for copies of any documents he wishes to see

Jones and Leich reluctantly agreed that Mr Edwards could review the originals of his own expense records (It is difficult to deal with copies of pencil entries and small pieces of paper ) Initially, Jones took Mr Edwards' expense records to a conference room in a building adjacent to Evergreen's offices and doled them out to Mr Edwards, one at a time. He would not give Mr. Edwards a second report until Mr Edwards handed back the first This humiliating arrangement continued for three sessions.

The sessions were stopped while the parties participated in settlement mediation Following the unsuccessful mediation, Mr. Edwards sought to resume review of his expense records (The accountants retained by Jones and Leich spent more than 100 hours working with the same records ) Jones now takes the position that he no longer has time for the procedure previously used His current position is that Mr Edwards may review the originals of his own expense records only at the offices of Jones' attorneys. Jones insists that Mr. Edwards be constantly monitored by a paralegal and that Mr Edwards pay the paralegal's hourly rate

MOTION TO ENFORCE ACCESS
TO CORPORATE INFORMATION - 4
Cause No C03-0108BJR

HALL ZANZIG ZULAUF
CLAFLIN MCEACHERN
1200 Fifth Avenue, Suite 1414
Seattle, Washington 98101
206 292 5900

Since the February 26 hearing, counsel for Mr Edwards have incurred copying charges in excess of $7,000 to access information  Most of these charges would have been unnecessary if Mr Edwards had access to Evergreen's books and records  Mr Edwards also has incurred unnecessary legal fees because all information requests have had to be processed through legal counsel

To increase the economic pressure on Mr Edwards, Jones has refused to distribute any of Evergreen's income since this lawsuit was filed  Evergreen is Mr Edwards' principal source of income  He is being denied the funds he needs to pay for this litigation and other necessary financial commitments  Meanwhile, Jones and Leich used more than $70,000 of corporate funds to pay for the accounting report they had prepared to support their claims  Whenever Jones and Leich use corporate funds to pay for anything that benefits them, Mr Edwards, as the majority shareholder, bears approximately 70 percent of the cost  (Mr Edwards intends to file a separate motion regarding Jones' refusal to distribute Evergreen's income )

Jones and Leich's audacity is breathtaking  They are disregarding the Court's admonition to provide equal access to Evergreen's books and records  There is no legal basis for Jones and Leich to deny Mr Edwards, the Chairman of the Board of Directors and the majority shareholder, access to Evergreen's place of business  There is no legal basis for them to deny Mr Edwards access to any information relating to Evergreen  Their disregard for Mr Edwards' rights is what led to the proposed amendments to the bylaws

MOTION TO ENFORCE ACCESS
TO CORPORATE INFORMATION - 5
Cause No C03-0108BJR

HALL ZANZIG ZULAUF
CLAFLIN MCEACHERN
1200 Fifth Avenue, Suite 1414
Seattle, Washington 98101
206 292 5900

1  Jones and Leich claim that their treatment of Mr. Edwards is justified
2  because their accounting report (the "Hagen Report") purportedly shows that
3
4  Mr Edwards cannot be trusted  Moss Adams, a regional accounting firm, has reviewed
5  the Hagen Report and relevant documents to which Mr Edwards has been permitted
6  access  Moss Adams has concluded that the criticisms in the Hagen Report are either
7  incorrect or have no material impact  Moss Adams' preliminary findings regarding each
8
9  of the subject areas in the Hagen Report are summarized in a memorandum by W Arthur
10 King, CPA and Managing Partner of Moss Adams [3]

11  Jones and Leich have no right to take over a corporation in which they are
12 minority shareholders under any circumstances  They certainly have no right to do so
13
14 based on accounting disputes about which independent accounting firms disagree  This
15 is particularly true given that Leich, acting as a CPA hired by Evergreen, approved the
16 accounting treatments at issue

17  Mr Edwards asks that the Court enter an order providing that all the
18
19 shareholders of Evergreen will have equal access to Evergreen's books and records as
20 provided in the proposed amendment to the bylaws of Evergreen

21  This motion is supported by the Second Affidavit of Craig R Edwards and
22 the Second Affidavit of Spencer Hall  A proposed order is submitted with this motion

---

[3] A copy of the Memorandum from W Arthur King, dated March 20, 2003, is Exhibit 3 to the Second Affidavit of Spencer Hall

MOTION TO ENFORCE ACCESS
TO CORPORATE INFORMATION - 6
Cause No C03-0108BJR

HALL ZANZIG ZULAUF
CLAFLIN MCEACHERN
1200 Fifth Avenue, Suite 1414
Seattle, Washington 98101
206 292 5900

DATED this 30th day of April, 2003

HALL ZANZIG ZULAUF
CLAFLIN McEACHERN PLLC

By /s/ Spencer Hall
Spencer Hall
WSB No 6162
Attorneys for Defendants, Counterclaimant
and Third-Party Plaintiff

MOTION TO ENFORCE ACCESS
TO CORPORATE INFORMATION - 7
Cause No C03-0108BJR

HALL ZANZIG ZULAUF
CLAFLIN McEACHERN
1200 Fifth Avenue, Suite 1414
Seattle, Washington 98101
206 292 5900